## WILLIAM L. WHITNEY *v.* JOHN ROSS.

APPEAL FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 2, 1906.     DECIDED APRIL 11, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

MORTGAGEE AND ADMINISTRATOR—*surplus after foreclosure sale.*

> Upon the foreclosure under a power of sale made after the death of the mortgagor the surplus, after payment of the mortgage debt, goes to the administrator of the estate of the mortgagor and not to the mortgagor's heirs, when it is required to pay the decedent's debts.

### OPINION OF THE COURT BY HARTWELL, J.

The plaintiff, as administrator of the estate of a mortgagor, brought assumpsit against the assignee of the mortgagee to obtain the surplus of $710 remaining in his hands after payment of the mortgage debt from the proceeds of foreclosure under a power of sale, which surplus money the defendant refused to pay to the administrator on the grounds that the mortgage provided for its payment to the mortgagor, his heirs

or assigns and that Sec. 2165, R. L., requires that "it shall be paid over to the owner of the mortgaged property." It appeared in evidence that the estate was insolvent. Jury being waived, the court·gave judgment for the defendant, on the grounds above stated, to which the plaintiff excepted.

In addition to the grounds on which the defendant refused to pay the surplus to the administrator, namely, the provision cited from the statute and the words in the mortgage requiring payment to the mortgagor, his heirs or assigns, he contends that the mortgaged land, subject to the mortgage, descended to the heirs upon the death of the mortgagor and therefore that the heirs are entitled to the surplus money which represents, in a way, the equity of redemption. It was in this view that in *Wright v. Rose,* 2 Sim. & St. 321, the court held that "the estate being unsold at the death of the mortgagor the equity of redemption descended to his heir, and he is now entitled to the surplus produce." He also contends that the rights of the heirs cannot be disposed of in this action as they are not made parties. But however it may be in cases in which an estate is shown to be sufficient to meet the claims of creditors we think that the surplus money is properly paid to the administrator when, as in this case, it is clear that all of it is required for the payment of debts.

Exceptions sustained, judgment reversed.

*Castle & Withington* for plaintiff.

*Magoon & Lightfoot* for defendant.